UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T.C., a minor child through KEVIN CZARNIEWY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action 02-1496 (HHK) |

### MEMORANDUM OPINION AND ORDER

On March 25, 2005, this court entered judgment in favor of plaintiffs in the amount of $10, 623.55.  Three days later, on March 28, 2005, defendants filed a motion to alter the judgment to the extent it included an award to plaintiffs of expert fees.  In the alternative, defendants sought to have the court's decision on their motion held in abeyance pending the anticipated resolution by the D.C. Circuit of the issue of whether a plaintiff who prevails in an IDEA case is entitled to reimbursement for expert fees.  After holding its decision in abeyance, and following decisions by the D.C. Circuit and the Supreme Court holding that expert witness fees are not reimbursable under the IDEA,[1] this court, on June 29, 2006, issued an order altering its March 28, 2005 judgment to exclude all expert fees.  The court also instructed the parties to brief the issue of the amount the judgment should be reduced to account for the disallowance of expert fees if they were not able to reach agreement regarding the issue.

---

[1] *See Goldring v. District of Columbia*, 416 F.3d 70, 71–73 (D.C. Cir. 2005); *Arlington Central Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. __, 126 S. Ct. 2455 (2006)( "[T]he terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not recover the costs of experts or consultants.").

Rather than briefing the issue as instructed, plaintiffs filed the present motion to alter or amend the original March 2005 judgment pursuant to rule 59(e) of the Federal Rules of Civil Procedure. While this motion does address plaintiffs' views regarding the amount by which the March 2005 judgment should be reduced, it also presents two other arguments regarding alleged errors in the judgment. These latter arguments are not timely as the deadline for raising them expired ten days after the entry of the judgment. Fed. R. Civ. P. 59(b). This deadline had passed well before the entry of a stay regarding defendants' original motion to alter the judgment, and was not affected thereby. Plaintiffs also failed to raise these arguments in their opposition to defendants' motion. The court, nevertheless, will address them.

Plaintiffs first contend, and defendants agree, that the court made a miscalculation that resulted in an extra $1,107.50 being erroneously deducted from the fee award. Notwithstanding plaintiffs' failure to raise the issue previously, the court will rectify the error pursuant to Fed. R. Civ. P. 60(b).

Plaintiffs next contend that when the March 2005 judgment issued, "there remained only three plaintiffs with outstanding expert costs." Pls.' Mot. to Alter ("Pls.' Mot.") at 4. By their count, the court's award ($10,623.55) should therefore be reduced by $6,242.51 — the amount of expert costs awarded to these three plaintiffs. Plaintiffs also argue that certain expert costs disallowed by the court in its March 2005 judgment should not have been disallowed, as they had already been paid by defendants prior to the court's ruling, and therefore were not before the court. *Id.* at 6–7.[2]

---

[2] This argument should have been raised in a motion to alter or amend the original judgment, but was not.

Again, these arguments are untimely and, thus, must be rejected for that reason alone. Even were the court to address the arguments on their merits, however, they still would be unavailing. The court can find no evidence, either in the charts to which plaintiffs point, Pls.' Mem. in Supp. of Summ. J. at 3; Pls.' Notice of Filing Ex. 15, or elsewhere in the record, that their assertions are correct. To the contrary, the record only shows that defendants made general (partial) payments to various plaintiffs, without specifying whether those payments went towards attorneys' fees, experts' fees, or both. Perhaps such designations were made in communications between the parties, but evidence thereof was not presented to the court. Plaintiffs' contentions, therefore, that (1) when the court rendered its decision, "there remained only three plaintiffs with outstanding costs," Pls.' Mot. at 4, and that (2) the expert fees the court deducted "were not included in the $38,349.13 that remained outstanding at the time of the order," *id.* at 6 n.3, are without foundation.

For their part, defendants contend that all of plaintiffs' expert costs must be discounted. The court agrees. Plaintiffs' motion for summary judgment mentioned that substantial payments had been made by defendants as to the claimed fees and costs, but at that time, no claims had been dismissed and no evidence was put forward regarding which specific fees had been paid and which had not been paid. The entirety of plaintiffs' requested fees, therefore, were before the court, and the court's award addressed all these fees, without taking into consideration whether any given amount had been paid by defendants. The eventual judgment was reduced in light of defendants' voluntary payments, but that reduction reflected only equitable considerations and did not signal the court's approval of any tacit suggestion that certain fees were not before the court.

Because each of plaintiffs' fee requests was incorporated into the court's judgment, so, too, was each request for expert fees. Thus, now that the court must alter the award to reflect that such fees may not be recovered by prevailing IDEA plaintiffs, the court must deduct all of the expert fees which it previously awarded. These fees amounted to $21,747.26. When applied to the judgment award of $10,623.55 in favor of plaintiffs, this reduction results in a negative balance of $11,123.71, which the court reduces by $1,107.50 to $10,016.21. This amount shall be deducted from the eventual award, if any, of attorneys' fees in favor of plaintiffs.

Accordingly, it is this 9th day of April, 2007, hereby

**ORDERED** that plaintiffs' motion to alter the judgment [#48] is **GRANTED** in part and **DENIED** in part as set forth above; and it is further

**ORDERED** that the court's judgment of March 25, 2005, as amended by the court's order of June 29, 2006, is reduced from $10,623.55 to $0, with $10,016.21 to be deducted from any future award of fees in favor of plaintiffs; and it is further

**ORDERED** that plaintiffs shall file their motion for attorneys fees and expenses pursuant to Rule 59(d)(2)(b) within fourteen days of the docketing of this order.

Henry H. Kennedy, Jr.
United States District Judge